**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------------------X
ROOFERS, WATERPROOFERS & ALLIED WORKERS
LOCAL UNION NO. 8 ANNUITY FUND, PENSION FUND,
WELFARE FUND, SUMMER BENEFIT FUND, WINTER      **INDEX No.**
BENEFIT FUND, LABOR MANAGEMENT COMMITTEE
FUND, ROOFING INDUSTRY PROMOTION FUND, JOINT
APPRENTICESHIP TRAINING FUND, RESEARCH AND
EDUCATION FUND, and NICK SICILIANO, in his fiduciary
capacity as Trustee,

                                              **Plaintiffs,**

                                                                                 **COMPLAINT**

          **- against -**

**AWE INCORPORATED and ISUFI KUJTIM,**

                                              **Defendants.**
----------------------------------------------------------------------------------X

      Plaintiffs, Board of Trustees of the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 Annuity Fund, Pension Fund, Welfare Fund, Summer Benefit Fund, Winter Benefit Fund, Labor Management Committee, Industry Promotion Fund, and Nick Siciliano, in his fiduciary capacity as a Trustee, Joint Apprenticeship Training Fund, Research and Education Fund (hereinafter referred to as the "FUNDS" or collectively referred to as "PLAINTIFFS"), by their attorneys, Rothberg, Straus & Contrubis, LLP, as and for its Complaint against the Defendants, allege as follows:

### JURISDICTION AND VENUE

**1.**    This action arises under the Labor Management Relations Act, as amended (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C.S. ¶185(a)) and under §502 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C.A. 1132). Jurisdiction is founded on the existence of questions arising thereunder.

2. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

3. This action is brought by the respective Trustees of the **FUNDS** in their fiduciary capacities for equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations as determined by an audit.

## PARTIES

4. Plaintiffs, Board of Trustees of The United Union Of Roofers, Waterproofers & Allied Workers Local Union No. 8 Annuity Fund, Pension Fund, Welfare Fund, Summer Benefit Fund, Winter Benefit Fund, Labor Management Committee Fund ("LMCF"), Roofing Industry Promotion Fund ("RIPF"), Joint Apprenticeship Training Fund ("JATF"), Research And Education Fund (hereinafter collectively referred to as the "FUNDS"), are administered by Trustees pursuant to the terms and provisions of Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "AGREEMENT"), heretofore entered into between the LOCAL UNION NO. 8 of the UNITED UNION OF ROOFERS, WATERPROOFERS and ALLIED WORKERS (hereinafter referred to as the "UNION" or "Local 8"), and certain Employers and/or Employer Associations, whose members employ members of the UNION, and are required to be maintained and administered in accordance with the provisions of the Taft-Hartley Act, ERISA, and other applicable state and federal laws. The FUNDS maintain their offices at 12-11 43rd Avenue, Long Island City, NY 11101.

5. Plaintiff, NICK SICILIANO (hereinafter referred to as "SICILIANO") is a Chairman of the Board of Trustees, and a fiduciary within the meaning of Section 3(21) (A) of ERISA, 29 U.S.C. Section 1002(21) (A), of the FUNDS. The Trustees of the FUNDS have authorized SICILIANO to bring this action on their behalf. As President of the Local 8 Union, SICILIANO is also authorized to sue to collect wage assignments that have not been remitted by employers to Local 8 and the International Union.

6. Defendant, AWE INCORPORATED (hereinafter referred to as "AWES" or the "CORPORATION"), is an employer engaged in an industry affecting commerce, who employs or has employed employees included within the AGREEMENT whereunder the CORPORATION is required to make contributions to the FUNDS as therein required, as a signatory to such agreement or agreements or by separate Memorandum of Agreement entered into by the CORPORATION and the FUNDS. During all relevant time, the CORPORATION transacted business within the State of New York, and maintains its principal place of business at 1072 Bay Ridge Avenue, Brooklyn NY 11219.

7. Defendant, ISUFI KUJTIM (hereinafter referred to as "KUJTIM"), is a natural person and the President of AWE. Upon information and belief, KUJTIM exercised authority or control respecting the management or disposition of plan assets that should have been held in trust by the CORPORATION and remitted to the FUNDS, and is a fiduciary within the meaning of ERISA, 29 U.S.C. §1002(21)(A).

## BACKGROUND

8. The FUNDS provide fringe benefits to eligible employees, retirees and their dependents, including but not limited to payments for hospitalization, medical care, life

insurance, annuity, pension, vacation, education and training, industry promotion and Union dues check-off on behalf of the employees from the CORPORATION.

9. The FUNDS are authorized to collect contributions on behalf of the employees of the CORPORATION.

10. The CORPORATION has executed AGREEMENTs with the UNION, covering all periods at issue, and remains a party to date. Accordingly, the CORPORATION is obligated to pay benefit contributions to the FUNDS for all hours worked by its employees within the jurisdiction of the UNION as well as comply with the other terms of the AGREEMENT.

11. The CORPORATION has failed to adequately respond to the FUNDS' demands for payment of contributions owed, and for an audit of its books and records.

12. The Trustees as fiduciaries of the FUNDS are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the AGREEMENT and Trust Indentures that concern the protection of employee benefit rights.

## AS AND FOR A FIRST CAUSE OF ACTION

13. The FUNDS repeat and reallege each and every allegation contained in Paragraphs "1" through "12" of this COMPLAINT, as if set forth at length herein.

14. The CORPORATION executed and remains a party to the AGREEMENT with the UNION, and therefore is obligated to comply with its terms.

15. Pursuant to the AGREEMENT and the TRUST, the CORPPORATION is required to permit and cooperate with the FUNDS and/or their designated agents or representatives in an audit of the CORPORATION's books and records in order to verify the

4

accuracy of the contribution reports and their compliance with the terms of the AGREEMENT as they relate to the FUNDS.  Furthermore, the CORPORATION is required to pay amounts due and owing along with audit costs.

16. Accordingly, audits were conducted of the books and records of the CORPORATION for the period of April 1, 20215 through December 31, 2016, which found a an amount due of $81,258.37, and for the period of January 1, 2017 through December 31, 2020, which found an amount due of $267,386.05, for a total sum of $348,644.42 owed to the FUNDS by the CORPORATION.

17. The FUNDS have no adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless the CORPORATION, its officers, employees, servants and agents are ordered to immediately pay the monies due.

18. The failure, refusal or neglect of the CORPORATION to make the required payments to the FUNDS constitutes a violation of the AGREEMENT between the CORPORATION and non-party UNION, with respect to which the FUNDS are third party beneficiaries and constitutes a violation of §515 of ERISA (29U.S.C. §1145).

19. Accordingly, the CORPORATION is liable to the FUNDS for the total amount determined by the audits of **$348,644.42**.

### AS AND FOR THE SECOND CAUSE OF ACTION

20. The FUNDS repeat and reallege each and every allegation contained in Paragraphs "1" through "19" of this COMPLAINT, as if set forth at length herein.

21. Pursuant to the AGREEMENT the CORPORATION shall on a monthly basis, remit reports to the FUNDS indicating, among other things, the names and hours worked by each

of the Corporations' employees performing work under the jurisdiction of the AGREEMENT (hereinafter referred to as "Remittance Reports"). Additionally the AGREEMENT requires that Remittance Reports be accompanied by corresponding payment of contributions to the FUNDS in accordance with the current rates as established by the AGREEMENT.

22. A review of Remittance Reports provided by the CORPORATION, for the period September 2021 through August 2022, found fringe benefit contributions owed to the FUNDS, in the sum of $168,096.27.

23. The FUNDS have no adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless the CORPORATION, its officers, employees, servants and agents are ordered to immediately pay the monies due.

24. The failure, refusal or neglect of the CORPORATION to make the required payments to the FUNDS constitutes a violation of the AGREEMENT between the CORPORATION and non-party UNION, with respect to which the FUNDS are third party beneficiaries and constitutes a violation of §515 of ERISA (29 U.S.C. §1145).

25. Accordingly, the CORPORATION is liable to the FUNDS for the sum of **$168,096.27**, as determined by Remittance Reports provided by the CORPORATION.

## AS AND FOR THE THIRD CAUSE OF ACTION

26. The FUNDS repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "25" of this COMPLAINT, as if fully set forth at length herein.

27. Section 515 of ERISA (29 U.S.C. §1145) requires Employers to pay fringe benefit contributions, with interest if said contributions are not timely paid, in accordance with the terms and conditions of Collective Bargaining Agreements.

28. Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an Employer violation of §515 of ERISA (29 U.S.C. §1145), the Court shall award to the FUNDS the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. §6621), together with reasonable attorney's fees and costs, and disbursements incurred in the action.

29. Further, the AGREEMENT provides that if an Employer is untimely in its payments of contributions to the FUNDS it shall be required to pay interest.

30. Accordingly, The FUNDS have estimated interest due to the CORPORATION to date for audit period April 1, 2015 through December 31, 2016 (**$17,599.00**), and audit period January 1, 2017 through December 31, 2020 (**$22,849.00**), plus interest on unpaid contributions owed for the period September 2021 through August 2022 (**$10,426.71**), and interest on contributions not timely paid for the months of April through August 2021 and November 2021 through May 2022 (**$2,876.47**), for a total sum of **$53,751.18**. CORPORATION'S failure to make payment on interest constitutes a violation of §515 of ERISA (29 U.S.C. §1145).

31. Accordingly, the CORPORATION is liable to the FUNDS for the payment of interest in the minimum sum of **$53,751.18**, plus interest of any additional contributions found due to date, plus any additional prejudgment interest, plus statutory damages, together with reasonable attorney's fees, costs and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132).

## AS AND FOR A FOURTH CAUSE OF ACTION

32. The FUNDS repeat and reallege each and every allegation contained in

33. Paragraphs "1" through "31" of this COMPLAINT, as if fully set forth at length herein.

34. Section 515 of ERISA (29 U.S.C. §1145) requires the CORPORATION to pay fringe benefit contributions in accordance with the terms and conditions of Collective Bargaining Agreements.

35. Failure to pay or timely pay fringe benefit contributions and/or submit contribution reports owed as a result of work performed by individual employees of the CORPORATION constitutes violation of Section 515 of ERISA (29 U.S.C. Section 1145).

36. Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an Employer violation of §515 of ERISA (29 U.S.C. §1145), the Court shall award to the FUNDS the unpaid fringe benefit contributions, statutory damages on the unpaid principal computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. §6621), together with reasonable attorney's fees and costs and disbursements incurred in the action.

37. Accordingly, the CORPORATION is liable to the FUNDS for statutory damages of 20% of principal unpaid contributions due and owing for the audits of April 1, 2015 through December 31, 2016, and January 1, 2017 through December 31, 2020 ($348,644.42), plus unpaid contributions for the period of September 2021 through August 2022 ($168,096.27), amounting to **$103,348.14**, together with reasonable attorney's fees, interest on the unpaid principal, costs, and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132).

## AS AND FOR A FIFTH CAUSE OF ACTION

38. The FUNDS repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "36" of this COMPLAINT, as if fully set forth at length herein.

8

39. The AGREEMENT binds the CORPORATION and RIZOS directly to the provisions of the AGREEMENT and Declaration of Trust for each of the FUNDS, as though the Employer had actually signed the individual documents, and further binds the Employer to all actions taken by the Trustees of each of the FUNDS pursuant to said Agreements and Declaration of Trust, as amended, and their respective Plans, as amended.

40. The AGREEMENT and Declaration of Trust for each of the FUNDS provides in relevant part that "The assets of the Trust Fund shall not revert or be used for or inure to the benefit of any of the Employers…" and that, "All contributions required from an Employer shall, after their due date and until their payment over in full by the Employer to the Trust Fund[s], be deemed to constitute a trust fund in the possession of such Employer; and said Employer shall be responsible and liable therefore as a fiduciary."

41. KUJTIM is a fiduciary under ERISA, 29 U.S.C. §1002(21)(A), with respect to the FUNDS, to the extent RIZOS exercised authority or control respecting management or disposition of FUNDS' assets on behalf of the CORPORATION.

42. Upon information and belief, KUJTIM is a principal of the CORPORATION; who exercised control over the activities and operations of the CORPORATION, exercised "authority or control respecting management or disposition" over certain assets of the FUNDS within the meaning of 29 U.S.C. §1002(21)(A), exercised the authority to sign checks on behalf of the CORPORATION including checks which should have been submitted to the FUNDS for fringe benefit contributions, determined whether or not the CORPORATION used assets of the FUNDS to pay other obligations of the CORPORATION and determined whether or not the CORPORATION transferred assets of the FUNDS to himself.

**43.** Pursuant to 29 U.S.C. §1109(a), KUJTIM as a fiduciary, is personally liable to make good any losses to the FUNDS resulting from each such breach of fiduciary duty and to restore any profits which would have been made through use of assets of the FUNDS.

**44.** Accordingly, pursuant to 29 U.S.C. §1109(a) and 1132(g)(1), the FUNDS are entitled to recover from KUJTIM the following: a) contributions due and owing to the FUNDS for audits, April 1 2015 through December 31, 2016 and January 1, 2017 through December 31, 2020, in the sum of $348,644.42; b) interest for audits, April 2015 through December 2016 and January 2017 through December 2020, in the minimum sum of $40,448.00; c) contributions due and owing to the FUNDS for the period of September 2021 through August 2022, in the sum of $168,096.27; d) additional contributions found due and owing for the period of September 2022 to date; e) interest on unpaid contributions for the period September 2021 through August 2022, in the minimum sum of $10,426.71; f) interest on contributions not timely paid for the months of April through August 2021 and November 2021 through May 2022, in the minimum sum of $2,876.47; g) additional contributions found due and owing for the period of January 2021 to date; h) statutory damages in the sum of $103,348.14; i) all additional contributions and interest found due and owing to date; j) reasonable audit fees, attorney's fees, costs, and expenses; and k) such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A SIXTH CAUSE OF ACTION

**45.** The FUNDS repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "43" of this COMPLAINT, as if fully set forth at length herein.

45. Pursuant to the terms and conditions of the AGREEMENT, the CORPORATION is required to timely pay and/or submit fringe benefit contributions and/or reports to the FUNDS for so long as the CORPORATION remains obligated to do so pursuant to the AGREEMENT.

46. The CORPORATION has failed to timely pay fringe benefit contributions and/or submit reports to the FUNDS and is currently in breach of its obligations under the AGREEMENT. The prior conduct of the CORPORATION demonstrates a significant likelihood that it will continue to breach the terms of the AGEEMENT.

47. The FUNDS have no adequate remedy at law to insure that the CORPORATION will adhere to the terms of the AGREEMENT.

48. The FUNDS will suffer immediate and irreparable injury unless the CORPORATION, its officers, agents, servants, employees are enjoined from failing, refusing or neglecting to pay the required monetary contributions and/or submit reports and cooperate in the conduct of audits for so long as the CORPORATION remains obligated to do so pursuant to the AGREEMENT.

49. According, the FUNDS request that this Court issue an injunction permanently enjoining the CORPORATION, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise from failing, refusing or neglecting to pay the required contributions and/or submit reports for the term of the AGREEMENT.

**WHEREFORE**, Plaintiff, FUNDS respectfully request Judgment against Defendants, AWE INCORPORATED and ISUFI KUJTIM, for the following:

      **A.**      Payment in the sum of $348,644.42 found due and owing resulting from the audits of the books and records of the CORPORATION for the periods of April 2015 through December 2016 and January 2017 through December 2020; and

      **B.**      Payment of interest for audits, April 2015 through December 2016 and January 2017 through December 2020 in the minimum sum of $40,448.00; and

      **C.**      Payment of $168,096.27 for unpaid fringe benefit contributions for the period of September 2021 through August 2022; and

      **D.**      Payment of interest in the minimum sum of $10,426.71 for unpaid contributions from September 2021 through August 2022; and

      **E.**      Payment of interest for late payment of contributions for the months of April through August 2021 and November 2021 through May 2022 in the sum of $2,876.47; and

      **F.**      Additional contributions found due and owing for the period of January 2021 to date; and

      **G.**      Payment of statutory damages in the sum of $103,348.14; and

      **H.**      Payment of all contributions and interest which become due during the pendency of this action; and

      **I.**      Further statutory and liquidated damages on all contributions now due and which accrue during the pendency of this action, audit fees, reasonable attorney's fees, interest on unpaid principal, costs and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132); and

      **J.**      An Order permanently enjoining the CORPORATION, its officers, agents, servants, employees and all persons inactive concert or participation with them, who receive actual notice of the Order by personal service or otherwise for so long as they remain obligated

to contribute to the FUNDS as a result of failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with the applicable AGREEMENT; and

    **K.**    Retain Jurisdiction over this matter pending compliance with its Order; and

    **L.**    Providing such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
       December 23, 2022

                      Respectfully submitted,

                      /s/ Sylvie Straus-Figueroa
                      Sylvie Straus-Figueroa
                      Attorney for Plaintiffs
                      16 Court Street, Suite 2200
                      Brooklyn, NY 11241
                      (718) 624-2200
                      Sylvie@rothberglawfirm.com

TO:    AWE INCORPORATED
        Defendant
        1072 Bay Ridge Avenue
        Brooklyn, NY 11219

        ISUFI KUJTIM
        Defendant
        7420 Ridge Blvd., Apt 2C
        Brooklyn, NY 11209