# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 16, 2023

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Ann M. Donnelly, U.S.D.J.
225 Cadman Plaza East
Courtroom 4G North
Brooklyn, New York 11201

*Re:* **Roofers, Waterproofers & Allied Workers Local Union No. 8 Annuity Fund v. AWE Inc. Case No.: 1:23-cv-7833 (AMD) (PK) (EDNY)**

Dear Judge Donnelly:

This firm was recently retained to represents Defendants AWE Incorporated ("AWE") and Isufi Kujtim ("Kujtim") (AWE and Kujtim collectively hereinafter the "Defendants") in the above-captioned case. Defendants respectfully submit this letter motion to vacate the certificate of default entered against Defendants pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("Rules" or "Rule"). Defendants sought Plaintiffs' consent, which Plaintiffs declined due to vague allegations of bad faith. As set forth below, this does not warrant denial of the relief requested.

**Legal Standard**

A litigant may seek to vacate an entry of default pursuant to Rule 55(c) which provides that an entry of default may be set aside for "good cause." See Fed. R. Civ. P. 55(c). The Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; (3) whether a meritorious defense is presented." See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); see also Bricklayers & Allied Craftworkers Local 2 Pension Fund ex rel. O'Sick v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015).

When the question is one of setting aside an entry of default – as opposed to a default judgment – these factors are assessed less rigorously, because there are fewer concerns about "the concepts of finality and litigation repose." See Enron Oil, 10 F.3d at 96; see also Sream Inc. v. Saakshi Enters. Inc., No. 16-CIV.-1408 (NG) (RML), 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017) ("Importantly, the standard for vacating an entry of default pursuant to Rule 55(c) ... is less rigorous than vacating a default judgment pursuant to Rule 60(b)"). Further, a court "must resolve all doubts in favor of the party seeking to vacate the certificate of default." See Sream Inc., 2017 WL 2633510, at *1. Finally, although "[t]he dispositions of motions [to vacate an entry of default] are left to the sound discretion of a district court ...," the Second Circuit maintains an "oft-stated preference for resolving disputes on the merits." See Enron Oil, 10 F.3d at 95.

**Defendants Were Not Willful in Defaulting**

"'[W]illfulness,' in the context of a default, ... refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained." See Bricklayers, 779 F.3d at 186 (quoting S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (second omission in original) (internal quotation marks omitted)). Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." See Sream Inc., 2017 WL 2633510, at *2.

Indeed, "a showing that a default was inadvertent is sufficient ... to vacate a default judgment." See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 387 (S.D.N.Y. 2013), aff'd in part and modified in part, 612 Fed. Appx. 11 (2d Cir. 2015). Specifically, in determining whether a default was willful, courts must "look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996).

Here, while the Defendants were indisputably served, Kujtim is an immigrant from Albania with a poor command of the English language who was not aware of the Rules requiring a formal answer to the complaint. Notwithstanding, Defendants took the complaint seriously and engaged with Plaintiffs' counsel in an effort to resolve the dispute. During this process, Defendants retained counsel due to concerns of overreaching in negotiations, and only then learned of the certificate of default entered against them and – with the benefit of undersigned counsel – the import of the entry of a certificate of default. Based on the foregoing, it is evident that there is simply no way that Defendants engaged in any deliberate or willful conduct in defaulting. To the contrary, all of the evidence shows that Defendants were responsive and sought counsel to represent them as soon as it became evident that efforts to resolve the complaint did not appear to be likely without the assistance of counsel.

Accordingly, this factor also weighs in favor of vacating the certificate of default.

**There is No Prejudice to Plaintiffs**

"[D]elay alone is not a sufficient basis for establishing prejudice" to a non-defaulting party by vacating a default. See MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). "To demonstrate prejudice, [a plaintiff] must establish 'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" See Global Gold Mining, 983 F. Supp. 2d at 388 (quoting Davis, 713 F.2d at 916). In evaluating whether an adverse party would be prejudiced by vacatur of a default, the Court may consider whether "the delay occasioned by vacatur would 'thwart plaintiff's recovery or remedy.'" See PMJ Cap. Corp. v. Bauco, 333 F.R.D. 309, 313 (S.D.N.Y. 2019) (quoting Green, 420 F.3d at 110).

Here, not only are Plaintiffs unable to establish any loss of evidence, the existence of increased difficulties of discovery (which has not yet started), nor any fraud or collusion, but Plaintiff's failure to move for a default judgment in and of itself demonstrates that they cannot establish any prejudice whatsoever.

Further, there is no evidence that has been lost and Defendants have records concerning hours worked by employees in order to ascertain the amount due, if any, to the Plaintiffs for contributions to the various funds. In these circumstances, the certificate of default must be vacated. See, e.g., Vedder Price P.C. v. US Cap. Partners, LLC, No. 16-CIV.-6787, 2017 WL 4180021, at *4 (S.D.N.Y. Sep. 20, 2017) (vacating default where plaintiff failed to make "any adequate allegations of prejudice"); Sibley v. Choice Hotels Int'l, Inc., 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (adopting report and recommendation) (vacating default where "there [wa]s no indication that evidence ha[d] been lost or that vacating the default w[ould] result in difficulties of discovery").

Accordingly, the lack of prejudice to Plaintiffs also weighs in favor of vacating certificates of default.

**<u>Defendants have Meritorious Defenses</u>**

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." See Enron Oil Corp., 10 F.3d at 98. This is a low bar; the party seeking relief need only establish "even a hint of a suggestion" of a complete defense to the claims alleged. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)). Again, a defendant seeking to vacate a default "need only meet a low threshold to satisfy [the meritorious defense] factor." See MD Produce, 304 F.R.D. at 110.

Here, Plaintiffs base their claims on audits performed concerning hours worked by employees. However, among other defenses, not all hours worked by employees are for covered work under the collective bargaining agreement and, as such, Plaintiffs' calculation of the amounts allegedly owed to the funds are inaccurate.

For the foregoing reasons, the certificates of default against the Defendants must be vacated. Defendants thank this Court for its time and attention to this case.

Dated:   Lake Success, New York
       October 16, 2023                    Respectfully submitted,
                                             **MILMAN LABUDA LAW GROUP PLLC**
                                             By:   /s    Emanuel Kataev, Esq.            
                                             Emanuel Kataev, Esq.
                                             3000 Marcus Avenue, Suite 3W8
                                             Lake Success, NY 11042-1073
                                             (516) 328-8899 (office)
                                             (516) 303-1395 (direct dial)
                                             (516) 328-0082 (facsimile)
                                             emanuel@mllaborlaw.com

                                             *Attorneys for Defendants*