UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
ROOFERS, WATERPROOFERS & ALLIED WORKERS
LOCAL UNION NO. 8 ANNUITY FUND, PENSION FUND,
WELFARE FUND, SUMMER BENEFIT FUND, WINTER
BENEFIT FUND, LABOR MANAGEMENT COMMITTEE
FUND, ROOFING INDUSTRY PROMOTION FUND, JOINT
APPRENTICESHIP TRAINING FUND, RESEARCH AND
EDUCATION FUND, and NICK SICILIANO, in his fiduciary
capacity as Trustee,

Index No.: 22-CV-07833
(AMD) (PK)

                                                                      **Plaintiffs,**

            - against -

AWE INCORPORATED and ISUFI KUJTIM,

                                                                     **Defendants.**
---------------------------------------------------------------------------------X

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS' MOTION TO VACATE CERTIFICATE OF DEFAULT

Sylvie Straus-Figueroa, Esq.
Rothberg, Straus & Contrubis, LLP.
Attorneys for Plaintiffs
16 Court Street, Suite 2200
Brooklyn, NY 11241
(718) 624-2200
Sylvie@rothberglawfirm.com

## PRELIMINARY STATEMENT

Plaintiffs, Roofers, Waterproofers & Allied Workers Local Union No. 8 Annuity Funds, et al, commenced the above action on December 23, 2022 by filing a Summons and Complaint against Defendants, AWE Incorporated ("AWE") and Isufi Kujtim ('Kujtim"). Defendant Kujtim was served on January 13, 2023, and Defendant AWE was served through the Secretary of State of New York on January 30, 2023. Defendants failed to respond to the Complaint within the 21 days prescribed by Federal Rules of Civil Procedure 12(a)(1)(A)(i).

On March 13, 2023 a Status Report was filed informing the court that no response was received from the Defendants and that Plaintiffs intended to seek a Default Judgment. Copy of said Status Report was sent to the Defendants via fist class mail and email.

On March 23, 2023, Plaintiffs' counsel was contacted by an attorney for the Defendants. After several unsuccessful attempts to follow up with Defendants' counsel by phone and email, on April 17, 2023 Plaintiff's counsel emailed her indicating an intention to proceed with a default judgment (*See* Exhibit A). On April 18, 2023 the attorney responded informing Plaintiffs' counsel that she represents the Defendants "on certain business matters" but "not any union matters," and instructed Plaintiffs' counsel to contact Defendants directly (*See* Exhibit B).

Thereafter, contact was made with AWE's representative who identified herself as Kujtim's spouse and AWE's Office Manager. She stated that Defendants intended to engage in settlement negotiations. Having experienced long delays with the Defendants over the course of several years, Plaintiffs were reluctant to rely on Defendants' representations, and directed counsel to proceed to file its Certification of Default, which was entered by the Clerk of the Court on May 3, 2023. *See* Doc. No. 18.

In the interest of achieving productive settlement negotiations, Plaintiffs' delayed the filing of its default judgment for several months. During that time Plaintiff's counsel was in regular contact with Defendants' representative attempting to address both old and new issues of non-payment of workers benefits. On September 12, 2023 the parties were ordered to file a stipulation of dismissal or a status report by October 6, 2023. Despite Plaintiffs' extensive effort to reach a settlement, including an offer to accept: 1) additional documents to prove its claims through the end of the year (3 months at the time of the offer), and 2) any payment plan that would result in its workers being made whole within two years; Defendants failed to provide evidence of its claims or any proposal to pay what was found due.

At 6:00 PM on October 5, 2023 Plaintiffs' counsel received an email from an attorney stating that he was in the process of being retained by the Defendants and requesting consent to vacate the certificate of default. Plaintiffs, having tried to work with Defendants for months and having provided the most flexible settlement terms possible, were not confident that Defendants had a good faith intention to resolve the issues at hand and accordingly, would not provide consent to vacate the certificate of default. On October 6, 2023, Plaintiff's counsel filed a status report indicating that settlement negotiations had failed, and its intention to file a default judgment. *See* Doc. No. 22.

At approximately 11:50 PM on October 16, 2023, more than eight (8) months after Defendants' Answers to the Complaint were due, Defendants' counsel filed a Notice of Appearance, Defendants' Answer, and a Letter Motion to Vacate Clerk's Entry of Default. At 11:00 AM the morning of October 17, 2023 a Status Conference was held in which Defendants' counsel stated his intention to negotiate a settlement in this case. Plaintiffs' counsel expressed apprehension but ultimately acquiesced to extending time to attempt settlement.

On October 19, 2023, Defendants' counsel requested documentation and provided availability for a meeting the next week. On October 20, 2023, Plaintiffs' counsel provided the documents requested, requested information pertinent to settlement, and a meeting date was confirmed for October 26th. A few hours before the meeting, Defendants' counsel cancelled and requested to reschedule for the next week, to which Plaintiffs' counsel provided availability. Having received no response, Plaintiffs' counsel sent a follow up email to Defendants' counsel who responded with a list of his other obligations and no offer of a new meeting date. On November 9, 2023, Plaintiffs' counsel followed up again, inquiring whether he intended to make an offer or discuss settlement. To date, no response has been received.

## ARGUMENT

The criteria established for the court to use its discretion to determine if a certificate of default may be set aside are threefold; "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; (3) whether a meritorious defense is presented." *See* Capitol Records v. Defries, No. 11CIV, 6808 PKC, 2012 WL 3041583, at *5 (S.D.N.Y. July 20, 2012). In this instance, Plaintiff's will show that Defendant's default was willful, that there is potential for significant prejudice if the certificate of default is vacated, and that no meritorious defense was presented.

**Willfulness**

For a default to be considered willful, Defendants failure to answer a complaint must be more than simple negligence or carelessness. *See* Packard v. City of New York, No.115CV07130ATSDA, 2018 WI. 2229123, at *2 (S.DN.Y. Apr.30,2018). Defendants do not dispute service of the Complaint accordingly, there is no question that they were aware of the action. Defendants' counsel claims that Kujtim is an immigrant with "poor command of the

English language" and not familiar with Court Rules. First, Kujtim, as owner of a Union construction company for at least 8 years, performed work as general contractor and subcontractor on public projects for New York State and New York City, requiring the sophistication to follow a myriad of rules and procedures as well as to negotiate with public agencies and vendors. Second, Kujtim was Plaintiff in another civil matter in New York and therefore likely does have familiarity with court processes.

Third, and most importantly, Defendants had an attorney who was made aware of the action and the intention of Plaintiff's to move for default judgment in March 2023, at minimum. While this attorney later stated she would not represent the Defendants in this action, she would have been professionally obligated to inform Defendants of the pending default. That Defendants retained an attorney for other business matters but not the matter at hand speaks directly to bad faith and willfulness.

In summary, Defendants did not merely miss the time to answer the Complaint by mistake, this was not days or even weeks, rather 8 months after service, despite having the guidance of an attorney, operating a sophisticated construction company, and having prior experience with the courts. Consistent with the underlying issues of this case, Defendants were aware of the circumstances and responsibilities, made a choice not to comply, and should not be excused for doing so.

**Prejudice**

In a motion to vacate a certificate of default, the "moving party has the burden of showing an absence of prejudice." See Capitol Records v. Defries, No. 11CIV, 6808 PKC, 2012 WL 3041583, at *6 (S.D.N.Y July 20, 2012). Prejudice may be established upon demonstration that "delay may thwart plaintiff's recovery or remedy" and "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion." *Ibid.*

Defendants' motion summarily states that none of these factors exist, and is erroneous in doing so. Regarding evidence and discovery, it is likely that, should this case proceed to trial, evidence would include the testimony of workers. Due to the nature of the construction industry, employees move from project to project, and from company to company, and often do not maintain records. The more time that passes the more likely it is that workers will be unable to recall the circumstances of this matter and the more likely it is that workers will lose records, leading to loss of evidence and increased difficulties in discovery.

Furthermore, as Defendants have not shown a good faith intention to pay the benefits found due in this case, Plaintiffs require a judgment to attempt to collect the benefits owed to Defendant's workers from potential monies due to Defendants on existing projects. Plaintiffs time to collect is very limited, and recovery or remedy may be thwarted should Plaintiffs be further delayed in obtaining default judgment.

Defendants' motion claims "Plaintiff's failure to move for default judgment in and of itself demonstrates that they cannot establish any prejudice whatsoever." Delay in moving for default judgment due to mistakenly assuming good faith on behalf of Defendants should not be held against Plaintiffs. Plaintiffs must weigh the cost and benefit of settlement negotiations, and from experience have found that in the vast majority of cases Defendants follow through with their stated intentions to reach resolution. Unfortunately, that was not the case here.

Given the bad faith shown by Defendants, Plaintiffs are additionally concerned about fraud. First, in the limited documentation provided during settlement negotiations, several documents presented were questionable in their integrity. Second, it is not unheard of, in the construction industry for construction companies to move and/or remove assets to avoid liabilities.

In summary, Plaintiffs would be significantly prejudiced should the certificate of default be vacated, and may even lose the ability to ever collect the workers' benefits at issue in this case.

**<u>Meritorious Defense</u>**

A meritorious defense is required to be established in order to vacate a certificate of default. *Ibid.* Courts in the 2nd Circuit have held "that the absence of a meritorious defense is, on its own, enough to support entry of default." See <u>State St. Bank & Trust. Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158.174 (2d Cir.2004).

Defendants' Motion attempts to present a meritorious defense by asserting that some hours worked by Defendants' employees were not covered under the Collective Bargaining Agreement and therefore the amounts claimed in the Complaint are incorrect. A sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment "must present some evidence beyond conclusory denials to support his defense." See <u>Murray Eng'g. P.C. v. Windermere Properties LLC.</u> No. 12 CIV. 0052 JPO, 2013 WL 1809637, at *6 (S.D.N.Y. Apr.30, 2013).

First, Defendants motion failed to provide even a single piece of evidence required to support Defendants claim. Second, as per Article V Section 11 of the Collective Bargaining Agreement, Defendants were not permitted "to enter into any individual agreement which permits his employees to perform their work on any basis of pay other than an hourly rate which shall not be less than the rate specified in this Agreement." (See Exhibit C)

The failure to present evidence, of any kind, of its alleged meritorious claim, bars Defendant's motion on its own. Accordingly, Defendants' motion should be denied.

## **CONCLUSION**

Defendants default was willful. Vacating the certificate of default would prejudice Plaintiffs and thwart recovery of workers' benefits. No evidence was presented to provide a meritorious defense. Additionally, Defendant's counsel failed to have a single discussion with Plaintiff's counsel since the most recent court conference, and appears to have extended his client's tactics of delay and bad faith dealings. Accordingly, as none of the criteria required to set aside the certificate of default have been established, Plaintiffs respectfully requests that the Court deny Defendants' motion in its entirety.

Dated: Brooklyn, New York
      December 1, 2023

    Respectfully submitted,

    By: /s/ Sylvie Straus-Figueroa
    Sylvie Straus-Figueroa, Esq.
    Rothberg, Straus & Contrubis, LLP
    Attorneys for Plaintiffs
    16 Court Street, Suite 2200
    Brooklyn, NY 11241
    (718) 624-2200
    Sylvie@rothberglawfirm.com